## Suppes Estate

*James E. Mayer* and *Morgan V. Jones*, for accountant.

*Earl F. Glock*, guardian and trustee ad litem.

*John M. R. Ayres* and *S. Jonathan Emerson*, for beneficiaries.

SMORTO, P. J., May 23, 1966.—Catherine W. Suppes, testatrix, died a resident of Southmont Borough, Cambria County, Pa., on February 13, 1962, leaving a will dated February 23, 1961. She was survived by her husband, Walter R. Suppes, who died on July 26, 1964, by her son, Walter W. Suppes, and her daughter, Susanne S. Robinson. Both children are living and married and have children of their own.

By article ninth (a) of her will, testatrix provided for a "marital deduction trust" for her husband, and by article ninth (b) gave the remainder of her estate in equal shares to her two children.

The issue which the court has been called upon to resolve is whether article ninth (a) is a "pecuniary formula" under which a specific sum only is distributable to the marital deduction trust, or a "fractional

share" under which the trust is entitled to a share of the assets of the estate, which have increased in value during the administration.

After considerable thought, study and consideration, the court is of the opinion that article ninth (a) is a pecuniary formula under which the marital deduction trust is entitled to a specific sum only, and that the increase in value is distributable as a part of the remainder to the children of testatrix.

Article ninth is as follows:

"NINTH: In the event my husband, WALTER R. SUPPES, is living at the time of my death, then my estate shall be divided in the following manner:

"(a) I give, devise and bequeath to the UNITED STATES NATIONAL BANK in Johnstown, Pennsylvania, AS TRUSTEE, a portion of my estate having a value equal to fifty per cent of the value of my adjusted gross estate as finally determined for Federal Estate Tax purposes, such portion to include my residence property at 945 Menoher Boulevard, Johnstown, Pennsylvania, as well as the Gardner Street property upon which is erected a toolhouse and garage, together with any interest which I may own in the furnishings and equipment contained therein. My husband, WALTER R. SUPPES, shall have unlimited use of said residence and Gardner Street property and contents during his lifetime. However, at my husband's request or election, the residence and Gardner Street property and/or contents may be sold, rented, leased or disposed of as he may see fit.

"(b) As to the remainder of my estate, if my husband survives me, I give, devise and bequeath one-half (½) thereof to each of my children, WALTER W. SUPPES and SUSANNE S. ROBINSON, and their heirs at law".

The court has reached the opinion that the above is a pecuniary formula because it feels that this was

intended from the general plan and draft of the will. There is no question that in the case of a substantial estate such as this, the will of testatrix was drawn with the intention of lessening the impact of Federal estate tax. In interpreting this clause of her will, its intent must be resolved against the background of the Internal Revenue Code.

These provisions are presently contained in section 2056(a) of the Internal Revenue Code of August 16, 1954. A deduction in computing the taxable estate is allowed for ". . . an amount equal to the value of any interest in property which passes or has passed from the decedent to his surviving spouse. . . ." Section 2056(c)(1) limits the deduction to an amount which ". . . shall not exceed 50 percent of the value of the adjusted gross estate. . . ." The deduction can be obtained by leaving the interest in property either outright or in a so-called "marital deduction" trust.

Because of the graduated rate structure of the Federal estate tax and the $60,000 personal exemption, an often used method of minimizing Federal estate tax is for a decedent to leave a surviving spouse exactly enough, but no more than necessary, to obtain the maximum marital deduction. The balance can be left outright or in trust for others, or, if appropriately limited, can be left in trust for the surviving spouse. In neither case will the balance be subjected to Federal estate tax in the estate of the surviving spouse. The court feels that Catherine Suppes left to the marital deduction trust exactly the right amount to minimize taxes, and left the balance of her estate outright to her two children, rather than in trust for her husband. We, therefore, believe that in order to accomplish the minimizing of taxes, the "pecuniary formula" was intended and article ninth (a) should be so construed.

In trying to ascertain the intention of testatrix, the

court also considered the scheme of the will of Catherine Suppes and the attendant circumstances. It seems that she wished that any increase in value of assets should go to the children. Her husband was 69 years of age at the time the will was drawn and 70 when she died. His individual estate was quite substantial and certainly adequate to take care of his needs, particularly when we consider his substantial interest in the marital deduction trust. It would be natural to assume that she intended that her children, who were married with young children, and who obviously had more uses and need for the increase in value, should get the increase, rather than her husband.

The court also noted that in article ninth (a) of the will, which provided for the "marital deduction trust", Catherine Suppes included in such portion "her residence property at 945 Menoher Boulevard, Johnstown, Pennsylvania, as well as the Gardner Street property upon which a toolhouse and garage, together with any interest which I may own in the furnishings and equipment contained therein". She further provided that "my husband, Walter R. Suppes, shall have unlimited use of said residence and Gardner Street property and contents during his lifetime", and "However, at my husband's request or election, the residence and Gardner Street property and/or contents may be sold, rented, leased or disposed of as he may see fit". Had testatrix not desired the marital deduction trust to be a "pecuniary formula", testatrix would not have specifically assigned this real estate to it. Instead, it would seem that she would have devised this real estate directly to her husband, with or without qualification, by a separate and distinct clause or paragraph in her will.

The court quite frankly does not have any prior case as the polar star to direct its opinion. The legal skies are quite nebulous on the problem here involved.

While many cases in other jurisdictions have dealt with the question of whether a particular language constituted a "pecuniary formula" or a "fractional share" marital deduction clause, there is only one of the Pennsylvania Supreme Court on the subject: Althouse Estate, 404 Pa. 412.

In Althouse, the issue was stated as follows, page 419:

"The testator in the present case did not use either . . . [the usual pecuniary formula or fractional share language]. He provided 'So much of my estate, of whatever nature and wherever situate, together with other property included in my adjusted gross estate . . . [as] shall equal the maximum marital deduction . . . I give, devise and bequeath . . . to Trust A [the marital deduction trust].' We must decide which type of gift the testator meant by those words". (Brackets in original.)

Chief Justice (then Justice) Bell noted that there were no Pennsylvania cases discussing the issue. With respect to cases in other jurisdictions, he noted that "Under the particular language in each case, some were held to be pecuniary gifts, and some were held to be fractional share gifts". He noted that none included "so much of my estate", and that no useful purpose would be served by reviewing them.

However, Chief Justice Bell stated that the nearest case on its facts was Estate of Ogden A. Kantner, Deceased, 50 N. J. Super. 582, 143 A. 2d 243: "The pertinent language in that case was 'a portion of my estate equal in value to (a) one-half of the value of my adjusted gross estate.' The court held that this was a pecuniary gift. . . ."

In addition to the similarity of language, the arrangement of the will in Althouse was similar to that in Kantner. Reversing the Orphans' Court of Montgomery County, the Supreme Court held that the Alt-

house will contained a pecuniary formula clause, pointing out that, had testator intended to create a "fractional share", he could have used those words. So, too, in the present case: Testatrix, Catherine Suppes, used the words "share in the residue" in the next succeeding article of her will, and used actual fractions and the word "share" elsewhere in close proximity to article ninth (a).

In Althouse, Chief Justice Bell was forced to act in the absence of any prior Pennsylvania case. He did rely, however, on the Kantner, or New Jersey, case. In Kantner, the language of the marital deduction formula was set forth in article third:

"Third: If my wife, Arlene M. Kantner, survives me, I direct my Executors and Trustees to set aside a portion of my estate equal in value to (a) one-half of the value of my adjusted gross estate (gross taxable estate less funeral and administration expenses and claims and debts but before the deduction of estate or inheritance taxes) as finally determined for Federal estate tax purposes, . . ."

Thus, the significant parts of the Kantner and Catherine Suppes wills are substantially, if not virtually, identical. The marital deduction formula in Kantner is ". . . a portion of my estate equal in value to . . . one-half of the value of my adjusted gross estate . . .", while the Catherine Suppes will used the words ". . . a portion of my estate having a value equal to fifty per cent of the value of my adjusted gross estate . . ."

After reviewing the works of a number of scholars on the subject, the Superior Court of New Jersey concluded, 50 N. J. Super. 589, 143 A. 2d 247:

"Here the testator, in Article Third of the will, used language couched in terms practically the prototype of what the authorities cited above denominate the pecuniary type formula for a gift to accomplish the exact

maximum marital deduction, no more, no less. Both sides in this case agree that the draftsman of this will wrote it with an eye toward the full benefits of the marital deduction. He was presumably familiar with the techniques and know-how in this field".

In conclusion, although the court realizes that a good argument can be made in favor of the "fractional share" interpretation, the court, in the light of the general plan and scheme of this will, the obvious intent to minimize Federal estate tax, the specific inclusion of the real estate in the "marital deduction clause", and with a substantial lift from the holdings in the Althouse Estate and Kantner Estate, is of the opinion that article ninth (a) of the will of testatrix constitutes a "pecuniary formula".